# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN LAUTZ, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| STATE FARM INS. CO. *et al.*, *Defendants* | : : : | No. 19-2481 |

PRATTER, J.                                                                                                           DECEMBER 16, 2019

## **MEMORANDUM**

Martin Lautz sued State Farm Insurance Company and claims adjuster Fran Mazza in the Court of Common Pleas of Philadelphia County. In his complaint, Mr. Lautz alleges that Mr. Mazza, whose presence in this case defeats complete diversity between the parties, violated the Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) through his handling of Mr. Lautz's underinsured motorist coverage claim. State Farm removed the case to this Court, arguing that Mr. Mazza was fraudulently joined. Mr. Lautz now moves the Court to remand the case to the state court.

Because it is possible that a state court would find that Mr. Lautz states a colorable cause of action against Mr. Mazza, the Court grants the motion to remand.

### BACKGROUND

Mr. Lautz was struck by a car while riding his motorcycle on November 13, 2016. He was insured by State Farm at the time of the accident. Because the driver in the accident was underinsured, Mr. Lautz sought to recover his policy limit, $200,000, from State Farm.[1]

---

[1] Mr. Lautz also received $50,000 from Progressive Insurance Company and $15,000 from Geico Insurance Company.

Melissa Stachler, a State Farm claims adjuster, was originally assigned to Mr. Lautz's claim. Another State Farm claims adjuster, Mr. Mazza, took over Mr. Lautz's case in November 2017. Mr. Lautz alleges that sometime during December 2017, Mr. Mazza communicated to him that his claim would be resolved prior to the new year and that he would recover his full policy limit of $200,000. According to Mr. Lautz, Mr. Mazza later "indicat[ed]" sometime that December that Mr. Lautz would not receive the $200,000. Compl. at ¶ 43 (Doc. No. 1). Mr. Lautz alleges some months later, in May 2018, that Mr. Mazza[2] then offered him $130,000 on behalf of State Farm. According to Mr. Lautz, Mr. Mazza did not take any actions with respect to his claim for the remainder of 2018 and until April 2019. On April 1, 2019, State Farm authorized $200,000 for Mr. Lautz's claim.

Mr. Lautz brought suit in state court against State Farm and Mr. Mazza. The complaint contains three counts: (1) breach of contract claims against both defendants,[3] (2) a common law and statutory bad faith claim against State Farm, and (3) claims for violations of the UTPCPL against both defendants. In particular, Mr. Lautz alleges that Mr. Mazza violated the UTPCPL by making deceptive misrepresentations and unduly delaying the investigation into his underinsured motorist coverage claim.

---

[2] The exhibits accompanying Mr. Lautz's motion show that State Farm's defense counsel, not Mr. Mazza, conveyed this message to Mr. Lautz.

[3] The defendants correctly point out that although Mr. Lautz pleaded a claim for breach of contract against Mr. Mazza, Mr. Lautz did not even attempt to argue that this claim was colorable. As an agent, a claims adjuster cannot be held liable for their principal's breach of contract. *Reto v. Liberty Mut. Ins.*, No. 18-2483, 2018 WL 3752988, at *3 (E.D. Pa. Aug. 8, 2018) (citing *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. 1991)). Therefore, there is no colorable ground supporting Mr. Lautz's breach of contract claim against Mr. Mazza. As discussed below, however, there is colorable ground to support Mr. Lautz's UTPCPL claim against Mr. Mazza.

Because Mr. Lautz and Mr. Mazza are both residents of Pennsylvania, and State Farm is an Illinois corporation, Mr. Mazza's presence in the case defeats diversity of citizenship. State Farm removed the case, which it argues was proper and permitted because Mr. Mazza was fraudulently joined. Mr. Lautz now moves to remand this case to the Court of Common Pleas of Philadelphia County on the basis that his complaint states a colorable UTPCPL claim against Mr. Mazza, thus precluding diversity jurisdiction.

## STANDARD OF REVIEW

A defendant in a civil case in state court may remove the case to federal court as long as the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction only if all the plaintiffs are diverse from all the defendants. The doctrine of fraudulent joinder, an exception to this complete diversity requirement, allows a defendant to remove an action if a non-diverse defendant was fraudulently joined solely to defeat diversity jurisdiction. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). If a non-diverse defendant was fraudulently joined, a court may disregard the citizenship of the non-diverse defendant for the purpose of determining diversity of citizenship. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

"Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" *Boyer*, 913 F.2d at 111

3

(quoting *Steel Valley Auth.*, 809 F.2d at 1010). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (citation and quotation marks omitted). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Jevic*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 215-16, 217).

When evaluating fraudulent joinder, a court "must resolve all uncertainties as to the current state of controlling law in favor of plaintiff." *The Roskamp Inst., Inc. v. Alzheimer's Inst. of Am., Inc.*, No. 15-3641, 2015 WL 6438093, at *6 (E.D. Pa. Oct. 22, 2015) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992)). A federal court must also refrain from assessing the validity of the complaint under a "more searching" Federal Rule of Civil Procedure 12(b)(6) standard and instead examine the complaint to determine whether "it could support a conclusion that the claims against [the non-diverse defendant] were not even colorable, *i.e.*, were wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852.

A court need not "blindly . . . accept whatever plaintiffs may say no matter how incredible or how contrary the overwhelming weight of the evidence." *Reeser v. NGK Metals Corp.*, 247 F. Supp. 2d 626, 629 (E.D. Pa. 2003). Indeed, some limited "piercing" of the complaint can be appropriate to assess whether a plaintiff "asserted a colorable ground supporting the claim against the joined defendant." *Boyer*, 913 F.2d at 112. "Contested issues of substantive fact, however, must be resolved in plaintiff's favor and the district court may not step 'from the threshold

4

jurisdictional issues into a decision on the merits.'" *Roskamp Inst. Inc.*, 2015 WL 6438093, at *6 (citing *Boyer*, 913 F.2d at 112).

## DISCUSSION

The parties dispute whether Mr. Mazza was fraudulently joined to defeat diversity of citizenship. The defendants argue that there is no possibility that a state court would find Mr. Lautz states a cause of action against Mr. Mazza because the UTPCPL does not permit such a claim. Alternatively, the defendants argue that even if Mr. Lautz can bring a claim against Mr. Mazza under the UTPCPL, the facts as alleged cannot state a colorable claim. The Court disagrees.

The UTPCPL prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201-3. "To state a claim under the UTPCPL, a plaintiff must allege acts which constitute misfeasance, or the improper performance of a contractual obligation." *Baer v. Hartford Mut. Ins. Co.*, No. 05-1346, 2005 WL 3054354, at *7 (E.D. Pa. Nov.14, 2005) (citing *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995)). "Misfeasance requires affirmative conduct, such as an act of misrepresentation or deception, or a reckless mistake made." *Baer*, 2005 WL 3054354, at *7.

The Court first inquires into whether Mr. Lautz may bring a UTPCPL claim against Mr. Mazza. The defendants rely on *Kelly v. Progressive Advanced Insurance Company*, 159 F. Supp. 3d 562 (E.D. Pa. 2016) to argue that the UTPCPL applies only "to the sale of an insurance policy," not "to the handling of insurance claims." *Id.* at 564 (citing *Gibson v. Progressive Specialty Ins. Co.*, No. 15-1038, 2015 WL 2337294, at *4 (E.D. Pa. May 13, 2015)). Accordingly, the defendants argue that "an insured cannot bring an action under the UTPCPL based on the insurer's failure . . . to investigate a claim." *Kelly*, 159 F. Supp. 3d at 564 (citations omitted); *see also Horn v. Minnesota Life Ins. Co.*, No. 17-238, 2019 WL 1791412, at *8 (E.D. Pa. Apr. 23, 2019) (quoting

5

*Kelly*, 159 F. Supp. 3d at 564); *Perez-Garcia v. State Farm Mut. Auto. Ins. Co.*, No. 18-3783, 2019 WL 1219466, at *2 (E.D. Pa. Mar. 15, 2019) (quoting *Kelly*, 159 F. Supp. 3d at 564).

However, "multiple courts have concluded that claims under the UTPCPL against insurance adjusters *are* colorable under Pennsylvania law." *Kennedy v. Allstate Prop. & Cas. Ins. Co.*, No. 15-2221, 2015 WL 4111816, at *7 (E.D. Pa. July 8, 2015) (emphasis added). The claims considered by these courts pertained to claim adjusters' actions in handling insurance claims, not in selling insurance policies.[4] Indeed, this Court already determined in *Ellis v. Liberty Mutual Insurance Company*, No. 18-1032, 2018 WL 3594987 (E.D. Pa. July 26, 2018) that a plaintiff can challenge a claims adjuster's handling of an insurance claim under the UTPCPL. *Id.* at **1, 3. Although this Court maintains that the UTPCPL permits Mr. Lautz to bring this claim against Mr. Mazza for his alleged misfeasance in investigating his underinsured motorist coverage claim, this apparent conflict—at the very least—renders the current state of controlling law unclear. As noted, uncertainties as to the current state of controlling law are resolved in favor of the plaintiff when evaluating fraudulent joinder. *Roskamp Inst., Inc.*, 2015 WL 6438093, at *6 (citing *Batoff*, 977 F.2d at 851-52). Therefore, the Court finds that there exists a more than merely theoretical possibility that a state court would permit a plaintiff to challenge a claims adjuster's handling of an insurance claim under the UTPCPL.

The Court next inquires into the defendants' challenges to the facts Mr. Lautz alleges in his complaint. In doing so, the Court again notes that it refrains from conducting a merits analysis.

---

[4] *See, e.g., Barrie v. Progressive Specialty Ins. Co.*, No. 17-30, 2017 WL 1150631, at **1-2 (E.D. Pa. Mar. 28, 2017); *Kennedy*, 2015 WL 4111816, at *1; *Kapton v. Ohio Cas. Ins. Co., Inc.*, No. 14-69, 2014 WL 1572474, at *1 (W.D. Pa. Apr. 17, 2014); *Ozanne v. State Farm Mut. Auto. Ins. Co.*, No. 11-327, 2011 WL 1743683, at *1 (W.D. Pa. May 5, 2011); *Grossi v. Travelers Ins. Co.*, No. 9-1427, 2010 WL 483797, at *1 (W.D. Pa. Feb. 5, 2010); *Fenkner v. Nationwide Mut. Ins. Co.*, No. 5-908, 2005 WL 1172642, at *1 (M.D. Pa. 2005).

*See In re Briscoe*, 448 F.3d at 218. The defendants argue that a limited piercing of the complaint and Mr. Lautz's exhibits attached to his motion reveal that Mr. Mazza was not assigned to handle Mr. Lautz's insurance claim during all times material to his UTPCPL claim. According to the defendants, this means that no state court could possibly find that Mr. Lautz states a colorable UTPCPL claim against Mr. Mazza. In actuality, a limited piercing of the complaint shows that Mr. Lautz's UTPCPL claim against Mr. Mazza is based in part on what he alleges were deceptive misrepresentations Mr. Mazza made during a period in which Mr. Mazza acted as his claims adjuster. The defendants next suggest that the Court should then not "blindly accept" the truth of Mr. Mazza's statements as alleged. Def.s' Resp. in Opp'n at 8 (Doc. No. 9). As it must, the Court assumes the factual allegations contained in the complaint as true and rejects the defendants' invitation to assess the merits of Mr. Lautz's claim.

The defendants similarly contend that Mr. Lautz failed to plead his justifiable reliance on Mr. Mazza's alleged improper actions. However, "determining whether [Mr. Lautz] adequately states justifiable reliance would necessarily require an assessment of the claim's merits, which we may not do." *Horne v. Progressive Advanced Ins. Co.*, No. 15-1029, 2015 WL 1875970, at *2 (E.D. Pa. Apr. 24, 2015) (citing *Batoff*, 977 F.2d at 852; *Kenia v. Nationwide Mut. Ins.*, No. 07-1067, 2008 WL 220421, at *3 (M.D. Pa. Jan. 25, 2008)); *see also Kennedy*, 2015 WL 4111816, at *7.

Therefore, the Court finds that a state court would possibly determine that Mr. Lautz states a colorable UTPCPL claim against Mr. Mazza. Because the defendants failed to meet their "heavy burden" of proving fraudulent joinder, *Batoff*, 977 F.2d at 851, the Court "must find that joinder was proper and remand the case to state court," *Jevic*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 215-16, 217).

## CONCLUSION

For the foregoing reasons, Mr. Lautz's motion to remand is granted. The case is remanded to the Court of Common Pleas of Philadelphia County. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**